UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF CORRECTIONS, et al.,<br><br>Defendant.<br>_____/ | CASE NO.   1:09-cv-02203-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT DUE June 17, 2011 |

**SCREENING ORDER**

I.  **PROCEDURAL HISTORY**

On December 18, 2009, Plaintiff Leroy Dewitt Hunter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1).  Plaintiff has consented to a Magistrate Judge handling all aspects of this case. (ECF No. 4).  Plaintiff's Complaint is before the Court for screening.

II.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### III. ANALYSIS OF PLAINTIFF'S CLAIMS UNDER GOVERNING LAW

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff's Complaint consists of thirty-two, single spaced, handwritten pages with little or no margins. The text runs together without spacing and the handwriting is often illegible. The first eight pages appear to constitute a complete complaint independent of and without reference to the succeeding twenty-six pages. This first section identifies the following as defendants: Director of Corrections, Warden North Kern State Prison, B Yard Captain Henderson, Sgt. Mackey, Mail Room Sergeant, Sergeant Mendoza, and Officer Jones, C Building. Pages nine through twenty are formatted as a second complete complaint, although the content appears to represent a more detailed version of the first eight pages. Plaintiff identifies approximately twenty-one Defendants in this second section. Pages twenty-one through thirty-two simply reproduce the previous eleven pages.

As far as the Court can decipher, Plaintiff alleges that Defendant correctional officers denied him access to religious services in violation of the First Amendment and did so in retaliation for his having filed administrative grievances with the prison. Allegedly these grievances addressed Defendants' conduct in unrelated matters.

### A.     Rule 8(a) and Section 1983 Linkage Requirements

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause

of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. See Williams v. Grannis, 2007 WL 1113767, *1 (E.D. Cal. Apr. 13, 2007).

In addition, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no respondeat superior liability under § 1983 and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff's Complaint falls woefully short of complying with Rule 8(a) and/or section 1983's linkage requirement. The Complaint is nearly incoherent, in large part because it is illegible but also because so much of what can be read reflects Plaintiff's opinion, not

factual allegations.

A valid claim may have existed somewhere in this Complaint, but the illegible text and the formatting of the Complaint left the Court unable to identify any valid claim. The Court will grant Plaintiff leave to amend the Claim. The amended complaint should be limited to a brief chronological set of factual allegations that form the basis for the violations asserted. Much of the initial Complaint was editorialization on topics of faith and moral conduct. Such discourse is neither appropriate nor helpful in complying with Rule 8(a). If the Plaintiff chooses to file an amended complaint, he should follow the instructions in this Screening Order carefully.

**B.     First Amendment Free Exercise Claim**

As discussed above, the illegibility of the Complaint's text combined with its breadth leaves the Court to wonder whether the substance of Plaintiff's claim is based on a violation of the First Amendment. The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I.  Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.

1997). "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

To the extent that Plaintiff elects to allege in his amended Complaint a violation of his right to free exercise of religion, he must allege both (1) a substantial interference with conduct mandated by his faith and (2) that the hindrance was without any legitimate penological interest. See Abobkr v. Mills, 2008 WL 4937370, *3 (E.D. Cal. Nov. 17, 2008). The Court will give Plaintiff leave to amend his Complaint to attempt to assert a First Amendment violation.

### C. Retaliation

In Rhodes v. Robinson, the Ninth Circuit Court of Appeals held that prisoners have a First Amendment right to file prison grievances and that retaliation against prisoners for exercising this right is a constitutional violation. 408 F.3d 559, 566 (9th Cir. 2005) (internal citation omitted). The Rhodes court established five elements of a "viable claim of First Amendment retaliation" in the prison context: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Id. at 567-568 (internal citations omitted); see also Lancaster v. Carey, 2009 WL 2171893, *3 (E.D. Cal. July 21, 2009). A prisoner who fails to allege a chilling effect can state a claim by alleging that he suffered some other harm. Rhodes, 408 F.3d at 568 n.11 (internal citation omitted).

The plaintiff has the burden of demonstrating that his exercise of his First

Amendment rights was the substantial or motivating factor behind defendants' conduct. See Hartman v. Moore, 547 U.S. 250, 259 (2006) (a Section 1983 plaintiff "must show a causal connection between a defendant's retaliatory animus and subsequent injury in any sort of retaliation action[.]"). The plaintiff also bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

The Court will grant Plaintiff leave to amend his Complaint with regard to his claim of retaliation for exercising his First Amendment rights. If Plaintiff chooses to include a First Amendment retaliation claim in the First Amended Complaint, then his factual allegations must satisfy the five elements outlined in Rhodes above.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his original complaint, filed December 18, 2009;

2.   Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3.   Plaintiff shall file an amended complaint by June 17, 2011; and,

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:  May 18, 2011               /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE