UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER, | CASE NO. 1:09-cv-2203-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| DIRECTOR OF CORRECTIONS, et al., | (ECF No. 9) |
| Defendants. | PLAINTIFF MUST FILE AMENDED COMPLAINT BY SEPTEMBER 30, 2011 |
| _____/ | |

Plaintiff Leroy Dewitt Hunter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 19, 2011, the Court issued a Screening Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief could be granted. (Order, ECF No. 9.) Plaintiff was to file his Amended Complaint by June 17, 2011. (Id.) This deadline has long passed, and Plaintiff has not filed an Amended Complaint or a request for an extension.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing

1 Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's
2 failure to prosecute an action, failure to obey a court order, or failure to comply with local
3 rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
4 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
5 (dismissal for failure to comply with an order requiring amendment of complaint);
6 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
7 prosecution and failure to comply with local rules).

8 Plaintiff has not responded to the Court's May 19, 2011 Order, even though the
9 June 17, 2011 deadline contained in the Order has passed.  (Order, ECF No. 9.)  No later
10 than **September 30, 2011,** Plaintiff shall file an Amended Complaint or show cause as to
11 why his case should not be dismissed for failure to comply with a Court order and failure
12 to state a claim.  Plaintiff is hereby on notice that failure to meet this deadline will result in
13 dismissal of this action for failure to prosecute.

15 IT IS SO ORDERED.

16 Dated:   August 31, 2011              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE